UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | (PHILLIPS/GUYTON) |
| BRANDON COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on October 14, 2008, for a hearing on the Motion to Withdraw as Counsel [Doc. 67], filed on October 10, 2008, by Attorney Richard L. Gaines, appointed counsel for the Defendant. Mr. Gaines was present for the defendant, and Assistant United States Attorney David Lewen appeared on behalf of the government. The defendant was also present.

In his motion [Doc. 67], Mr. Gaines asks to withdraw because he has discovered an actual conflict of interest that makes it impossible for him to continue in his representation of the Defendant. At the hearing, Mr. Gaines stated that he has two conflicts of interest in this case and that the government is aware of them both. He related that he had discussed the problem with the Defendant, who understands and does not object to his withdrawal as counsel of record. The government had no comment on the motion. The Court questioned the defendant, who agreed to the withdrawal of Mr. Gaines and the appointment of a new attorney.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the actual conflict proffered by defense counsel, the Court finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel [**Doc. 67**], the same is **GRANTED**, and Mr. Gaines is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. At the October 14, 2008 hearing, Attorney Angela Morelock appeared and agreed to accept representation of the defendant  The Court therefore and hereby substitutes and appoints Ms. Morelock under the Civil Justice Act (CJA) as counsel of record for Defendant Cooper.

The Court informed Attorney Morelock of the April 7, 2009 trial date and the October 30, 2008, 9:00 a.m. motion and evidentiary hearing set in this case.

    **IT IS SO ORDERED.**

                    ENTER:

                      s/ H. Bruce Guyton
                      United States Magistrate Judge