UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-107 |
| ) | PHILLIPS/GUYTON |
| RALPH T. O'NEAL III, ) | |
| MICHAEL CURRIER, ) | |
| BRANDON COOPER, ) | |
| DEMOND REED, and ) | |
| RANDY SPEARS, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court to arraign the defendants on the Second Superseding Indictment [Doc. 93], address a number of pending motions, and set an evidentiary hearing for other pending motions. At the hearing, Attorney Kimberly Parton ("Attorney Parton") was present representing Defendant Ralph T. O'Neal, III, ("Defendant O'Neal"). Attorney Gregory Isaacs was present representing Defendant Michael Currier ("Defendant Currier"). Attorney Angela Morelock was present representing Defendant Brandon Cooper. Attorney Samuel Lee was present representing Defendant Demond Reed, and Attorney Dennis Francis was present representing Defendant Randy Spears. All of the defendants were present at the hearing.

The Court first arraigned each of the defendants on the Second Superseding Indictment [Doc. 93]. All the defendants were found to be competent for arraignment and were advised of their rights. All the defendants waived formal reading, and all the defendants confirmed that they knew the

general nature of the charges against them.  Each defendant entered a plea of not guilty to the charge or charges against him, and the Government advised the defendants of the range of penalties for the charged offenses.

The Court next addressed Defendant O'Neal's pro se motions and filings that are currently pending [Docs. 94-96].  The Court reminded Defendant O'Neal that pursuant to Local Rule 83.4, once a Defendant has appeared by attorney, the Defendant cannot appear or act on his or her own behalf in the proceeding, unless an order of substitution has been made and the Government and other defendants have been given notice.  The Court admonished Defendant O'Neal not to file future pro se motions and to work with and act through Attorney Parton.  Pursuant to Local Rule 83.4, the Court finds that Defendant O'Neal's pro se motions and filings **[Docs. 94, 95, and 96]** are not well-taken, and accordingly, they are **DENIED**.

Finally, the Court addressed the other motions pending in the present matter.  The parties agreed that no arguments are needed on the motions for bills of particulars filed by Defendant Currier and Defendant O'Neal [Docs. 16 and 71], and a memorandum and order on those motions will follow.  As to the Motion to Suppress Statements [Doc. 18] filed on behalf of Defendant O'Neal, Attorney Parton stated that she will consult with Defendant O'Neal to determine if Defendant O'Neal will pursue the motion and will contact chambers to schedule a hearing if one is needed.

Defendant O'Neal's Motion to Retain Rough Notes requests that the Court order investigative notes be preserved and turned over to the United States Attorney's Office [Doc. 19]. In its Order on Discovery and Scheduling at paragraph H, the Court has directed the United States to "advise its agents and officers involved in this case to preserve all rough notes." [Doc. 9].  The

2

Government confirms that it has so advised its agents. [Doc. 82]. Accordingly, the Court finds that the Motion to Retain Rough Notes **[Doc. 19]** is moot, and it is **DENIED AS MOOT**.

The Court scheduled a motion hearing for **January 26, 2009, at 9:00 a.m.**, to hear arguments on Defendant Currier's currently pending motions including: Motion for Severance [Doc. 68], Motion for Disclosure of Informants [Doc. 69], Motion and Memorandum in Support of Motion for Disclosure of All Statements Which the Government Will Attribute to Defendant Currier [Doc. 70], and Request for 12(d)(2) Evidence and Evidence Arguably Subject to Suppression [Doc. 74].

In summary,

> 1. The defendants have been arraigned on the Second Superseding Indictment [Doc. 93] and have all entered pleas of not guilty to all charges;
>
> 2. A memorandum and order addressing the motions for bills of particulars [Doc. 16 and Doc. 71] will follow;
>
> 3. Defendant O'Neal's pro se motions and documents **[Doc. 94, 95, and 96]** are **DENIED**;
>
> 4. Defendant O'Neal's Motion to Retain Rough Notes **[Doc. 19]** is **DENIED AS MOOT**; and
>
> 5. A motion hearing to address Defendant Currier's pending motions is scheduled for **January 26, 2009, at 9:00 a.m.**

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

3