UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-107 |
| | ) | PHILLIPS/GUYTON |
| RALPH T. O'NEAL III, | ) | |
| MICHAEL CURRIER, | ) | |
| BRANDON COOPER, | ) | |
| DEMOND REED, and | ) | |
| RANDY SPEARS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 22, 2008, to arraign the defendants on the Second Superseding Indictment [Doc. 93], address a number of pending motions, and set an evidentiary hearing for other pending motions. At the hearing, Attorney Kimberly Parton was present representing Defendant Ralph T. O'Neal, III, ("Defendant O'Neal"). Attorney Gregory Isaacs was present representing Defendant Michael Currier ("Defendant Currier"). Attorney Angela Morelock was present representing Defendant Brandon Cooper ("Defendant Cooper"). Attorney Samuel Lee was present representing Defendant Demond Reed ("Defendant Reed"), and Attorney Dennis Francis was present representing Defendant Randy Spears ("Defendant Spears"). All of the defendants were present at the hearing.

## I. Introduction

Defendant O'Neal and Defendant Currier have filed motions for bills of particulars [Doc. 16 and Doc. 71], which are currently pending before the Court. At the hearing, Defendant O'Neal and Defendant Currier agreed that no oral arguments were needed on these motions. Because the subject matter of the motions is inextricably related, the Court will address the motions together and note any pertinent differences, to the extent that they exist.

Count One of the Second Superseding Indictment [Doc. 93][1] charges that:

> beginning in about 2000 through and until April, 2008, in the Eastern District of Tennessee and elsewhere, the defendants, Ralph T. O'Neal III, Michael Currier, Brandon Cooper, Demond Reed, and Randy Spears, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with others to commit violations of 21 U.S.C. § 841(a)(1), that is, to distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, and fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. [21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]

Both Defendant O'Neal and Defendant Currier argue that the conspiracy charge is too broad to allow for trial preparation and to prevent the defendants from being subjected to double jeopardy. Specifically, Defendant O'Neal and Defendant Currier's motions argue that the alleged time line of the conspiracy, 2000 to 2008, is too broad and that the defendants have not been given any discovery that supports the existence of the conspiracy prior to February 2008. Further, Defendant O'Neal

---

[1]The Indictment [Doc. 3], the Superseding Indictment [Doc. 27], and the Second Superseding Indictment [Doc. 93] charge the same conspiracy in Count One. The initial Indictment charged only Defendant O'Neal with conspiring. The Second Superseding Indictment added the other defendants to Count One, and Count One in the Superseding Indictment is identical to Count One in the Second Superseding Indictment. Despite the motions for bill of particulars being filed before the Second Superseding Indictment, Defendant O'Neal and Defendant Currier's objections apply to Second Superseding Indictment just as they applied to its predecessors, and the Court will reference the Second Superseding Indictment.

2

notes in his motion that the time frame of Count One incorporates the date on which he was convicted of a drug offense in Texas, and it is not clear from the information contained in Count One whether Defendant O'Neal is being subjected to double jeopardy. [Doc. 17 at 2].

The Defendants' motions request slightly different information. Defendant O'Neal seeks a bill of particulars listing all persons with whom Defendant O'Neal conspired prior to February 6, 2008, and listing all overt acts alleged to have been committed as part of the conspiracy prior to February 6, 2008. [Doc. 16]. Defendant Currier seeks a bill of particulars specifying: the acts and omissions underlying the conspiracy; the quantities of cocaine attributable to Defendant Currier; the names of all unindicted co-conspirators; the roles of and relationships amongst Defendant O'Neal, Defendant Cooper, Defendant Spears, Defendant Reed, and Defendant Currier; the names, addresses, and phone numbers of witnesses; the amount of cocaine and money involved in each transaction, along with the date, time, and place of each transaction; and the origin of moneys alleged to be the fruit of the illegal activity. [Doc. 71].

The Government responds that Count One is constitutionally sufficient because it lists the purpose of the conspiracy charged, the type of drugs involved, the statutory penalty corresponding to the amount of drugs involved, the time frame of the conspiracy, and the location of the conspiracy. [Doc. 85]. While the purpose of a bill of particulars is to inform a defendant of the charges against him or her with sufficient precision to allow for trial preparation and prevent double jeopardy, the Government contends that the Defendants are attempting to use bills of particulars to discover evidentiary details and the Government's legal theories.

3

## II.     Analysis

Federal Rule of Criminal Procedure 7 provides broad authority for the Court to order the government to provide a bill of particulars when warranted. The Sixth Circuit has held that the purposes of a bill of particulars are: (1) to inform the defendant of the nature of the charge against him or her with sufficient precision to enable the defendant to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable the defendant's acquittal or conviction to bar another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes. United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial," nor as a means of gaining insight into the government's legal theories. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993).

A.     *Specification of the Co-conspirators, Their Roles in the Conspiracy, and the Overt Acts of the Conspiracy.*

In regards to the necessity of bills of particulars when a conspiracy is charged, the Court of Appeals for the Sixth Circuit has directed that:

> A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. Rogers v. United States, 340 U.S. 367, 375 (1951); United States v. Piccolo, 723 F.2d 1234, 1238-39 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984). As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

4

> Piccolo, 723 F.2d at 1239, quoting United States v. Davis, 679 F.2d
> 845, 851 (11th Cir. 1982).

United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). The Court of Appeals for the Sixth Circuit has also concluded that it is not necessary to charge an overt act in an indictment alleging conspiracy because "in enacting 21 U.S.C. § 846 Congress intended to make the conspiracy itself a complete offense." United States v. Dempsey, 733 F.2d 392, 396 (6th 1984).

Accordingly, the Court finds the motions for bills of particular, in so far as they request the identities of unnamed co-conspirators, the roles of named co-conspirators, and descriptions of overt acts in furtherance of the conspiracy, are not well-taken.

B.     *Specification of the Dates of the Conspiracy and the Dates of the Conspirators' Involvement.*

As to the dates of the conspiracy, the Court of Appeals for the Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., Rey, 923 F.2d at 1222 (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). However, the trial court retains the discretion to decide when a bill of particulars specifying dates is necessary. See United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004) (holding that the district court did not abuse its discretion by denying a motion for bill of particulars where a conspiracy was alleged to have lasted from April of 1999 until August of 2000).

In the present case, the Government alleges a seven year conspiracy to distribute cocaine hydrochloride and cocaine base in Count One, but all the other drug-related charges in the indictments [Docs. 3, 27, and 93] address a narrow period of time, from approximately March 8, 2008, to April 9,

5

2008.  The criminal complaint from which this action originates states that a government agent had "probable cause to believe that [Defendant] O'Neal was involved in a conspiracy during March of 2008 to distribute and possess with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)." [Doc. 1 at 5].

Because of the lack of information regarding the conspiracy prior to 2008 and to avoid the possibility of double jeopardy in light of prior drug charges, the Court finds that the motions for bills of particulars are well-taken in so far as they request the Court order the Government to provide approximate dates of involvement in the conspiracy.  To the extent that any defendant named in Count One was involved in the conspiracy for a time period shorter than the entire conspiracy, the Government shall provide the approximate dates that such defendant(s) entered the conspiracy and the approximate date on which the defendant(s) ceased participation in the conspiracy.

C.    *Identification of Witnesses and Provision of Witnesses' Names, Addresses, and Telephone Numbers.*

The Court of Appeals for the Sixth Circuit has firmly established that a defendant "is not entitled to know in advance of trial who will testify for the government," and that such information is not necessary to prepare for trial.  United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984).  Accordingly, the Court finds the motions for bills of particular, in so far as they request information regarding the Government's witnesses, are not well-taken.

**III.    Conclusion**

Based on the foregoing, the Motions for a Bill of Particulars **[Doc. 16 and Doc. 71]** are **GRANTED** to the extent they request specification of the defendants' approximate dates of involvement in the conspiracy and **DENIED** as to the remainder of the relief sought.  To the extent that any defendant named in Count One was involved in the conspiracy for a time period shorter than the entire conspiracy, the Government shall provide the approximate dates that such defendant(s) entered the conspiracy and the approximate date on which the defendant(s) ceased participation in the conspiracy.  In all other respects, the Court finds that the Second Superseding Indictment [Doc. 93] sufficiently apprises the defendants of the charges that they are facing so as to permit them to prepare a defense, to avoid surprise at trial, and to protect against a double jeopardy violation.

IT IS SO ORDERED.

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge