UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-107 |
| ) | (PHILLIPS/GUYTON) |
| RALPH T. O'NEAL, ) | |
| BRADON COOPER, ) | |
| RANDY SPEARS, and ) | |
| DEMOND REED, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the Court on March 25, 2009. Assistant United States Attorney David Jennings was present representing the Government. Attorney Kimberly Parton was present representing Defendant Ralph O'Neal, who was also present. Attorney Angela Morelock was present representing Defendant Brandon Cooper, who was also present. Attorney Samuel Lee was present representing Defendant Demond Reed, and Attorney Dennis Francis was present representing Defendant Randy Spears. Defendants Reed and Spears were excused from the hearing and did not attend.

On March 25, 2009, this case was scheduled to come before the Court for a pretrial conference. On the morning of March 25, 2009, prior to the hearing, Attorney Parton filed a Motion to Withdraw [Doc. 109], and this motion was taken up at the pretrial conference. Defendant O'Neal previously wrote a letter to the Court requesting new counsel, which was docketed as his Pro Se Motion for New Counsel [Doc. 104]. After a hearing on this motion, the Court found Defendant

O'Neal had not shown good cause for substitution of counsel and denied the motion.

In the Motion to Withdraw filed on March 25, 2009, Attorney Parton noted that Defendant O'Neal has previously expressed dissatisfaction with her serving as counsel. Attorney Parton states that her discussions with Defendant O'Neal led to the disclosure of certain information that has created a conflict of interest. Attorney Parton states that this conflict of interest necessitates her withdrawal as counsel in this case, pursuant to Rule 8 of the Tennessee Rules of Professional Conduct.

At the hearing, the Government stated that, based upon Attorney Parton's representations about the existence of a conflict of interest, it does not oppose the Motion to Withdraw. However, the Government stated that it would oppose Defendant O'Neal proceeding *pro se*.

The Court concludes that good cause exists to allow Attorney Parton to withdraw and to appoint new counsel for Defendant O'Neal. The Court finds that a conflict of interest has arisen in this case and Attorney Parton is required to withdraw as counsel. Accordingly, the Court finds that the Motion to Withdraw **[Doc. 109]** is well-taken, and therefore, it is **GRANTED**.

Attorney Michael McGovern was present in the courtroom and agreed to accept representation of the Defendant. Although he expressed some desire to proceed *pro se*, Defendant O'Neal agreed with the Court's suggestion that his rights and interests will be best served and protected by working through an experienced attorney like Attorney McGovern. Therefore, Defendant O'Neal agreed to the appointment of Attorney McGovern. The Court **SUBSTITUTES** and **APPOINTS** Attorney McGovern under the Civil Justice Act (CJA) as counsel of record for the Defendant.

2

Upon appointment, Attorney McGovern made an oral motion to continue the Defendants' trial, which is currently set for April 7, 2009. Neither the other Defendants in this case, nor the Government had an objection to the motion. Based upon the entry of new counsel and the agreement of the parties, the Court finds that oral motion to continue the trial date is well-taken, and therefore, it is **GRANTED**. The Court set a new trial date in this matter of September 15, 2009, and set a pretrial conference for September 2, 2009.

The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Motion to Withdraw was filed and granted by this Court on March 25, 2009, less than two weeks before the trial date. Attorney McGovern has indicated to the Court that he needs time to review the case and file appropriate motions. It is impracticable for such review to take place prior to the trial date. See 18 U.S.C. § 3161(h)(8)(B)(iv). In light of these findings and its granting of the motion, the Court finds that the period of time between the hearing on March 25, 2009, and the new trial date of September 15, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

In summary:

1. The Motion to Withdraw **[Doc. 109]** is **GRANTED**. Attorney Kimberly Parton is relieved of any further responsibility in this case, other than turning her case file over to Attorney McGovern, and Attorney Michael McGovern is **APPOINTED** as CJA counsel for the Defendant;

3

2.  Attorney McGovern shall review the motions currently pending on behalf of Defendant O'Neal and advise the Court whether these will be pursued and he will be given leave, upon request, to file necessary pretrial motions;

3.  The trial of the above-named Defendants will take place at **9:00 a.m.** on **September 15, 2009**, before the Honorable Thomas W. Phillips, United States District Court Judge;

4.  A pretrial conference is set for **September 2, 2009,** at **11:00 a.m.**; and

5.  All time between the March 25, 2009, hearing and the September 15, 2009, trial date shall be fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

                            ENTER:

                            s/ H. Bruce Guton
                            United States Magistrate Judge